IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

GREGORY BERNARD CANTRELL,

Defendant.

CRIMINAL CASE NO.

1:10-CR-0131-MHS-JFK

## **REPORT AND RECOMMENDATION**

Pending before the court is Defendant Gregory B. Cantrell's motion [Doc. 15] to reveal the identity of the confidential informant.  Due to the lack of specific allegations set forth in Defendant's motion, the court allowed Defendant the opportunity to perfect the motion providing facts and legal argument supporting disclosure of the informant's identity.  Defendant thereafter filed a brief in support of his motion. [Doc. 19].  The Government opposes the motion to reveal the confidential informant's identity indicating that Defendant misconstrues the evidence in support of the charges in the indictment and the informant's role in the events resulting in the charges, that Defendant failed to establish the need for the informant's identity in

preparing a defense, and that the Government has a strong interest in non-disclosure. [Doc. 20].

"Although the government has the privilege to withhold from disclosure the identity of its informants, this privilege is limited." United States v. Gutierrez, 931 F.2d 1482, 1490 (11th Cir. 1991) (citing Roviaro v. United States, 353 U.S. 53, 59-61, 77 S. Ct. 623, 627-28, 1 L. Ed. 2d 639 (1957)). "'Where the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.'" United States v. Flores, 572 F.3d 1254, 1265 (11th Cir. 2009) (quoting Roviaro, 353 U.S. at 60-61, 77 S. Ct. at 628). In order to determine whether disclosure is appropriate, "a court must engage in a balancing test, taking into account the particular circumstances of each case, the crime charged, possible defenses, and the potential significance of the informant's testimony." Gutierrez, 931 F.2d at 1490 (citing Roviaro, 353 U.S. at 62, 77 S. Ct. at 627-28). This inquiry focuses on three factors: "(1) 'the extent of the informant's participation in the criminal activity'; (2) 'the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant'; and (3) 'the government's interest in nondisclosure.'" Flores, 572 F.3d at 1265 (quoting United States v. Tenorio-Angel,

2

756 F.2d 1505, 1509 (11th Cir. 1985)).  "'The Government's interest may be proven by showing that disclosure might endanger the informant or other investigations.'"  Id. (quoting Tenorio-Angel, 756 F.2d at 1509).  Disclosure is not necessarily required of any other individuals who may have been minimally involved in the investigation.  See United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984) ("'When an informant's level of involvement in the criminal activity is that of minimal participation, this factor by itself will not compel disclosure.'") (citation omitted).

Defendant is charged in a federal indictment with three counts of possession with the intent to distribute heroin, occurring on or about January 28, 2009, February 3, 2009, and February 25, 2009, in violation of 21 U.S.C. § 841.  [Doc. 1].  In the brief in support of the motion seeking disclosure, Defendant contends that for each of the three transactions underlying the charges in the indictment, the informant initiated the purchases of the controlled substances by contacting Defendant and speaking with him during recorded telephone conversations.  [Doc. 19, ¶ 6].  Defendant also contends that during at least two of the drug transactions, the informant wore a microphone/transmitter, the recording of which Defendant's attorney has reviewed.  [Id., ¶¶ 7, 9, 10].  Although Defendant further contends that the informant "met alone" with Defendant, in support of that contention, he only states that it "appears" no

3

undercover agent or other law enforcement officers were physically present during the drug transactions.  [Id., ¶¶ 8, 11].  Accordingly, Defendant argues that the informant was not a mere tipster but was the only direct participant in the drug transactions, and for this reason, "it is . . . critical to the defense of this matter for the Government to reveal the identity of the confidential informant.  Otherwise, the Defendant has no ability to challenge the Government's recitation of events during these meetings. . . ." [Id., ¶ 12].  Defendant contends that "the motivation of the CI and the compensation he received are also critical to the defense of this matter."  [Id., ¶ 13].  However, Defendant does not explain why or how the latter is a factor in his defense.

The first element of the balancing test for the court to consider is the extent of the informant's involvement in the charged activity.  Although Defendant contends that the informant's involvement was significant and that he was in fact the only witness to these events, the Government's summary of the information provided to Defendant in discovery refutes the conclusion that he was the sole participant in the transactions.  This statement of the evidence defeats Defendant's claim that the informant is the only witness to the drug transactions and would provide the only means by which he can challenge the charges in the indictment.

On January 27, 2009, the informant placed a consensually monitored call to Defendant, which government agents listened to and recorded, arranging for the delivery of three grams of heroin the next day. [Doc. 20 at 2]. The informant, accompanied by an undercover task force officer and under surveillance of other agents, drove to the scheduled meeting with Defendant. Defendant met with the informant and the undercover officer, handing directly to the undercover officer the quantity of heroin. Defendant then received from the undercover officer's hand the funds in payment for the drugs. [Id. at 2-3]. The direct participant in this transaction was the undercover officer and not the informant, who was only a witness.

The next meeting on February 3, 2009, was again preceded by a consensually monitored and recorded telephone conversation, witnessed by agents, arranging for the delivery of three more grams of heroin. The informant was not accompanied by the undercover officer; however, that officer and other agents followed the informant to the pre-arranged delivery location and observed Defendant meet outside with the informant, who then exited his vehicle and followed Defendant inside the McDonald's restaurant. Audio-surveillance of the meeting between Defendant and the informant, which was also captured on video while the men were outside, was conducted by the surveillance agents and officers. The informant provided Defendant with the marked

AO 72A
(Rev.8/82)

government funds previously provided to him and, after leaving the restaurant, apparently turned over to the agents three grams of heroin received from Defendant.[1] [Id. at 3].  Although agents and officers conducted surveillance of the meeting and monitored the meeting by the transmitter worn by the informant, the informant was the only direct participant to the meeting with Defendant.

The final meeting on February 25, 2009, was again preceded by a monitored and recorded telephone conversation, witnessed by agents, between Defendant and the informant making arrangements to purchase six grams of heroin.  The undercover officer accompanied the informant to the location of the transaction.  After some preliminary discussions, in the undercover officer's presence, between Defendant and the informant, Defendant eventually handed to the informant a quantity of heroin for which the informant paid Defendant.  The transaction occurred in the undercover officer's presence.  [Id. at 3-4].  Both the informant and the undercover officer were eye-witnesses to this transaction.

The court agrees with Defendant that the informant was not a mere tipster and did in fact participate in each of the transactions which would weigh in favor of

---

[1]The Government notes that immediately before and after each transaction, the informant and his vehicle were searched for money and contraband with negative results.  [Doc. 20 at 2].

6

disclosure of the informant's identity; however, the informant is not, contrary to Defendant's assertion, the only witness to the events resulting in the charges in the indictment.  And, in fact, the Government does not intend to call the informant as a witness at trial.  [Doc. 20 at 8].  As outlined, agents and officers witnessed the telephone conversations preceding each of the transactions, and the undercover officer was physically present and directly participated in the first and last transaction.  The telephone conversations, which are available to Defendant and will be available at trial, are evidence of the arrangements for the transactions.  And the visual and audio recordings are evidence, along with the visual surveillance, of Defendant's involvement in the meetings.  See United States v. Rodriguez, 312 Fed. Appx. 205, 208 (11th Cir. 2009) (noting that other witnesses could testify regarding the defendant's involvement in the transaction); United States v. Lewis, 156 F. Supp. 2d 1280, 1291 (M.D. Fla. 2001) (noting that the informant was not "the sole person, other than the defendant, who can testify to the crime").

And, even if the court finds that the first factor weighs in favor of disclosure of the informant's identity, Defendant has failed to carry his burden of demonstrating the directness of the relationship between his asserted defense and the anticipated testimony of the informant.  The burden is on Defendant to "prove that the informant's

7

probable testimony would bear a direct relationship on the defendant's asserted defense. . . .  However, '[m]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure.'"  United States v. McDonald, 935 F.2d 1212, 1217 (11th Cir. 1991) (citations omitted).  Defendant has presented no facts supporting a finding of a relationship between the informant's testimony and his defense(s) to the charged offenses.  In fact, Defendant has not stated what defense the informant's testimony, whatever Defendant speculates it may be, may assist.  Defendant's primary basis for disclosure is his claim that the informant was the only direct participant in the drug transactions.  [Doc. 19, ¶ 12].  That simply is not true; therefore, disclosure is not required in order for Defendant to challenge the Government's version of the facts.  There are agents, officers, and audio and visual recordings available for that purpose.  Independent of the informant, these witnesses and these recordings identify Defendant, place him at the scene and participating directly in the drug transactions.  And, besides a conclusory claim that the motivation of the informant and the compensation he received is "critical" to the defense, Defendant fails to explain how or why the identity of the informant or that background information will in anyway assist him at trial.  Rodriguez, 312 Fed. Appx. at 208 (rejecting the defendant's claim that information about the reasons for the informant's

incarceration or any favorable treatment for cooperation was relevant to his guilt or innocence at trial).

Because he has failed to establish this factor, the court is not required to "consider the strength of the government's interest in preserving the confidentiality of the informant." Kerris, 748 F.2d at 614.  However, the court finds that the Government has established a significant interest in non-disclosure.  As noted in the Government's opposition brief, this interest may be demonstrated by "'showing that disclosure might endanger the informant or other investigations.'" Flores, 572 F.3d at 1265 (citation omitted).  The Government states that the informant has provided and continues to provide assistance to several federal and local law enforcement agencies in criminal investigations which will be endangered, as could the informant's safety, by disclosure of the informant's identity.  The Government does not present evidence of an actual threat to the informant's safety.  However, under these circumstances, "the inherent and constant exposure of an informant to acts of vengeance establishes the threat." Lewis, 156 F. Supp. 2d at 1291 (absent a "material showing of a testimonial advantage not available to the defendant through other witnesses[,]. . . disclosure is frequently denied in order (1) to preserve active and productive sources of information

9

for law enforcement and (2) to protect cooperating persons from gratuitous exposure to revenge").

Finally, the court notes that Defendant did not request an *in camera* hearing to present evidence to the court on the factors considered in reaching a decision on the whether to disclose the identity of the informant.  And the Government only requests an *in camera* hearing on the third factor if the court is inclined to allow disclosure. [Doc. 20 at 10-11].  The Eleventh Circuit Court of Appeals does not require that an *in camera* hearing be held when the identity of an informant is being sought.  United States v. Vann, 336 Fed. Appx. 944, 950 (11th Cir. 2009) ("'[a]n *in camera* hearing may be helpful in balancing the interests of the appellants against those of the government, but the precedent of this Court holds that an *in camera* hearing is not required whenever the identity of an informant is requested'") (quoting Kerris, 748 F.2d at 614); see also Tenorio-Angel, 756 F.2d at 1509 n.7 (decision whether to conduct *in camera* hearing "depends upon whether the trial court has the information necessary to determine if disclosure of the informant's identity is required without holding an *in camera* hearing").  Based on the facts and claims presented by Defendant and the Government, the court finds that an *in camera* hearing is not necessary to resolve the motion pending before the court.

10

For the reasons stated and based on the authority cited, the court **RECOMMENDS** that Defendant's motion [Doc. 15] to reveal identity of the confidential informant be **DENIED**.

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial.

IT IS SO ORDERED AND RECOMMENDED this 13th day of August, 2010.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

11