UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | CRIMINAL ACTION NO. |
| v. : | |
| : | 1:10-CR-00131-MHS |
| GREGORY BERNARD CANTRELL, : | |
| Defendant. : | |

## ORDER

This matter is before the Court on defendant's motion to reveal identity of confidential informant and the Magistrate Judge's Report and Recommendation ("R&R"), recommending that this Court deny defendant's motion. Defendant has filed objections to the R&R. After a de novo review of the record, the Court adopts the R&R and denies defendant's motion to reveal identity of the confidential informant.

Background

According to the government, in 2009 members of the Organized Crime Drug Enforcement Task Force were investigating a number of suspects in the Atlanta area, including defendant. With the help of a confidential informant

("CI"), members of the Task Force made three controlled purchases of heroin from the defendant.

On January 27, 2009, the CI placed a call to defendant, arranging for the sale and purchase of three grams of heroin the next day. Government agents listened to this call and recorded it. The following day, the CI along with an undercover task force officer, J. Gunter, drove to an agreed-upon location to meet defendant, while two agents (Robison and Rapp) followed them to the same location in a different vehicle. Under the surveillance of Robison and Rapp and numerous others, defendant met the CI and Gunter, walked to the passenger side of the automobile, and handed Gunter about three grams of heroin. Gunter handed the heroin to the CI, the CI gave Gunter $420.00, and Gunter then gave the $420.00 to defendant. In addition to Gunter being part of the drug transaction, Rapp and Robison personally observed defendant's meeting with the CI and Gunter. CI wore a concealed audio transmitter during this transaction.

On February 2, 2009, the CI once again made a monitored call to defendant who agreed to sell the CI about three grams of heroin for the price of $420.00. On February 3, 2009, the CI drove an automobile to a McDonald's

restaurant and pulled into the parking lot. Gunter and Robison followed the CI. Both Gunter and Robison saw and identified defendant as he walked to the CI's vehicle, stopped briefly, and then walked inside the McDonald's restaurant, followed by the CI. According to the government, the CI gave defendant $420.00 in exchange for approximately three grams of heroin. Soon thereafter, agents saw the CI and defendant walk out of the McDonald's restaurant, using doors on opposite sides of the restaurant.

Agents were not present for the interaction between the CI and defendant while they were inside the McDonald's restaurant. However, the CI wore a concealed audio transmitter during this transaction. According to the government, officers were able to hear the exchange between defendant and the CI while they were inside the restaurant. According to defendant's counsel, review of the tapes from the CI's body transmitter failed to reveal any substantive conversation occurring within the restaurant.

For the third drug purchase, the CI placed another call monitored by agents to defendant to arrange for the purchase of approximately six grams of heroin from the defendant for $840.00. On February 25, 2009, the CI and officer Gunter drove in the CI's automobile to the parking lot of the same

McDonald's. Shortly before arriving, agents in the area of the McDonald's observed defendant on foot in front of the restaurant. As the CI's automobile came within sight of the defendant, Gunter identified defendant as the same man who had sold him heroin in January 2009. Defendant then approached the CI's automobile and told the CI and Gunter that he was waiting for someone to bring him the heroin. The CI and Gunter remained in their vehicle. A blue Buick then pulled into the McDonald's parking lot. Gunter and other agents saw defendant get into the Buick's back seat, remaining there for less than a minute. Agents then saw defendant get out of the Buick, walk over to the driver's side of the CI's automobile, and hand the CI what was later identified as approximately six grams of heroin. The CI gave defendant $840.00 in exchange for the heroin, and the CI and Gunter drove away.

The CI was wearing a concealed audio transmitter during this transaction. According to defendant, the recording from February 25 presents a conversation between the CI and a third person, who apparently delivered the heroin to the CI.

According to the government, immediately before and after each of the three heroin transactions, officers searched the CI and the CI's automobile for money and contraband, with negative results on each occasion.

Discussion

The government enjoys a limited privilege to withhold the identity of a confidential informant. United States v. Flores, 572 F.3d 1254, 1265 (11th Cir. 2009). However, the privilege must give way where the disclosure of the confidential informant's identity, or the contents of his communication, is helpful and relevant to the defense of an accused, or is essential to a fair determination of a cause. Id. To determine whether this privilege applies, the Court must engage in a balancing test, considering the particular circumstances of the case before it, possible defenses, and the potential significance of the confidential informant's testimony. United States v. Gutierrez, 931 F.2d 1482, 1490 (11th Cir. 1991).

In conducting this balancing test, the Court must first consider the extent of the confidential informant's participation in the criminal activity. Id. If a confidential informant's involvement in the criminal activity is minimal, then this factor alone will not compel disclosure. United States v.

Kerris, 748 F.2d 610, 614 (11th Cir. 1984). However, the government may be required to disclose the confidential informant's identity if the informant was the sole participant other than the accused. Gutierrez, 931 F.2d at 1491.

As to the second factor, the Court must assess the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant. Id. at 1490. Defendant bears the burden to show that the confidential informant's testimony would significantly aid in establishing an asserted defense. Id. at 1491. Mere conjecture or supposition about the possible relevancy of the confidential informant's testimony is not sufficient to warrant disclosure. Kerris, 748 F.2d at 614.

Finally, as to third factor, the Court must consider the government's interest in non-disclosure. Gutierrez, 931 F.2d at 1490. The government may establish its interest by showing that disclosure could endanger the informant or other investigations. Id. at 1491.

In this case, the CI's role was substantial. The informant participated in each drug transaction and was not a mere observer. However, the CI's substantial participation does not mandate automatic disclosure of the

informant's identity. For both the first drug transaction on January 28, 2009, and the third drug transaction on February 25, 2009, officer J. Gunter was present with the CI and witnessed directly the CI purchase drugs from defendant. In addition, during both of these transactions, government agents, including Robison and Rapp, also watched the transaction and identified defendant selling drugs. Gunter and other agents can testify to everything that transpired between defendant and the CI in these drug transactions. See Gutierrez, 931 F.2d at 1491 (finding that the defendant's involvement in the criminal activity alone did not mandate disclosure because the informant was always with at least one government agent who could testify to everything, save one conversation, that occurred); see also United States v. Rodriguez, 312 Fed. Appx. 205, 210 (11th Cir. 2009) (finding that disclosure was not mandatory even though the informant's participation was significant because a detective observed and was privy to most of the conversations between the defendant and the informant).

As for the second drug purchase on February 3, 2009, defendant argues in his objections to the R&R that the informant was the only other direct participant in the alleged transaction, which took place inside the McDonald's restaurant and outside of the view of law enforcement agents. However,

mandatory disclosure of the informant's identity is still not warranted. In Gutierrez, the court found that mandatory disclosure of the informant's identity was not appropriate even though the informant had been alone with and spoken to defendants during the criminal action without any agents present or without any agents recording their conversations. 931 F.2d at 1486-87, 1491 (informant went alone with defendants to see the money to be exchanged for drugs, including entering a café across the street with defendants). Likewise, in Rodriguez, the court found that mandatory disclosure of the informant was not warranted, even though the informant was a substantial participant in the criminal activity, a detective was not privy to all of the conversations between defendant and the informant, and the informant spoke to the defendant in Spanish, of which the detective present only understood a few words. 312 Fed. Appx. at 206, 210.

Additionally, in this case, agents recorded the telephone call the CI placed to defendant on February 2 arranging for the drug purchase for the following day. Agents also witnessed defendant arrive at the McDonald's on February 3, enter the restaurant followed by the CI, and exit the restaurant using a door opposite of the CI. Further, the government has a recording from the audio transmitter worn by the CI while the CI was inside the

McDonald's restaurant. In light of this evidence and precedent, the fact that there may have been a conversation between the CI and defendant while in the McDonald's restaurant does not alone justify revealing the identity of the CI.

As to the second factor regarding whether defendant has met his burden, defendant has not objected to this portion of the Magistrate Judge's R&R. The Court agrees with the findings by the Magistrate Judge that even if the Court were to find that the first factor weighed in favor of disclosing the informant's identity, defendant has failed to demonstrate the directness of the relationship between his asserted defense and the anticipated testimony of the defendant. In fact, the government states that it does not anticipate calling the informant to testify at trial. See United States v. Vann, 336 Fed. Appx. 944, 950 (11th Cir. 2009) (the defendant failed to show a direct relationship between his defense at trial and the testimony he expects from the informant, especially in light of the fact that the government did not plan to call the informants as government witnesses). Defendant's conclusory claim that the informant's identity should be disclosed because the informant's motivation and the compensation the informant received is "critical" to his defense is mere speculation and conjecture, insufficient to

warrant disclosure. See Gutierrez, 931 F.2d at 1491 (finding that no evidence by the defendants would significantly aid in establishing an asserted defense and contradict the government's testimony); see also Flores, 572 F.3d at 1265 (finding the defendant failed to meet his burden).

As for the third factor, regarding the government's interest in non-disclosure, defendant objects to the R&R. Defendant argues that the fact that the informant has completed investigations, will complete investigations in the future, and continues to provide assistance to the local law enforcement agencies does not justify shielding the informant's identity. The Court agrees with the Magistrate Judge that the Court need not reach this factor because defendant has failed to meet his burden to show the direct relationship between the informant's testimony and his defense. See Kerris, 748 F.2d at 614. Additionally, because the Court need not reach this factor, no hearing is necessary to inquire into the exact number of current and ongoing investigations involving the informant, as requested by the defendant. Further, the Court agrees with the Magistrate Judge that even if the Court were to address this factor, the government has met its burden. Flores, 572 F.3d at 1265 (the government presented legitimate interests including the informant's safety and involvement in other ongoing investigations).

Conclusion

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's R&R [#21] and DENIES defendant's motion to reveal identity of the confidential informant [#15].

IT IS SO ORDERED, this 21 day of September, 2010.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia